**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANGELA FERNANDEZ,**

                **Plaintiff,**

**-vs-**                                            **Case No. 6:05-cv-1074-Orl-31KRS**

**BELLY, INC. and JAMES HENDERSON,**

                **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Plaintiff's Amended Motion for Entry of Default Judgment. Doc. No. 15. The defendants, Belly, Inc. (Belly) and James Henderson, have not responded to the motion for entry of default judgment. This matter was referred to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b).

**I.     PROCEDURAL HISTORY.**

On July 21, 2005, Angela Fernandez filed a complaint against Belly and Henderson, alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Article 10, Section 24 of the Florida Constitution. Doc. No. 1. Fernandez alleges that Belly and Henderson failed to pay her minimum wages and overtime compensation while she was employed by Belly. Fernandez also seeks liquidated damages, attorneys' fees, and costs.

The complaint was served on Belly and Henderson on August 4, 2005. Doc. Nos. 6-7. Neither Belly nor Henderson responded to the complaint. Consequently, at Fernandez's request, the Clerk of

Court entered defaults against both Belly and Henderson. Doc. No. 9. On February 2, 2006, Fernandez filed a motion for entry of default judgment as to both defendants. Doc. No. 13.

On April 24, 2006, I entered an Order directing Fernandez to clarify certain discrepancies contained in her affidavit submitted in support of the motion for entry of default judgment. Doc. No. 14. Thereafter, Fernandez filed the present motion.

## II.   STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated his duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

### III. ALLEGATIONS OF THE COMPLAINT.

Fernandez was employed by Belly and engaged in commerce as defined by the FLSA. Complaint ¶¶ 4-7. Henderson owned or was an officer of Belly at all times relevant to Fernandez's claims and he was "substantially in control of the terms and conditions of [her] work . . . ." Complaint ¶¶ 8-9.

The defendants willfully failed to compensate Fernandez at the statutory minimum wage set forth in the FLSA for the period covering March 18, 2005 to May 31, 2005, and at the increased statutory minimum wage set forth in Article 10, Section 24 of Florida Constitution for the period

covering May 2, 2005 to May 31, 2005. *Id*. at ¶ 14, 16. In addition, the defendants willfully failed to compensate Fernandez at the statutory overtime rate for certain work in excess of forty hours a week. *Id*. at ¶ 12.

**IV.    ANALYSIS.**

    A.    *Liability*.

        1.    <u>FLSA Minimum Wage Claim</u>.

To establish a claim for payment of minimum wages under the FLSA, Fernandez must establish the following:

First, that she was employed by Belly during the time period involved;

Second, that she was engaged in commerce or production of goods for commerce; and

Third, that the defendants failed to pay the minimum wage required by law.

Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By failing to answer the complaint, Belly admits that it employed Fernandez during the time period involved in this case. It admits that Fernandez was engaged in commerce. It admits that it failed to pay Fernandez a minimum wage as required by the FLSA. This is sufficient to establish that Belly is liable to pay Fernandez minimum wages she is owed for her work.

        2.    <u>State Law Minimum Wage Claim</u>.

On November 2, 2004, the Florida Constitution was amended to add a minimum wage provision. *See* FLA. CONST, ART. 10, § 24. Specifically, the amendment established a minium wage rate of $6.15 per hour, which went into effect on May 2, 2005. The amendment provides, in relevant part, as follows: "Persons aggrieved by a violation of this amendment may bring a civil action in a

court of competent jurisdiction against an Employer . . . ." FLA. CONST, ART. 10, § 24(e). In addition, the amendment instructs that: "As used in this amendment, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations." FLA. CONST, ART. 10, § 24(b). To further illustrate this point, the amendment provides that "case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations." FLA. CONST, ART. 10, § 24(f).

"[T]he FLSA permits states to adopt higher standards than those established in the Act and preempts state law in this area only to the extent that state laws are less generous than the FLSA." *Cranford v. City of Slidell*, 25 F. Supp. 2d 727, 728 (E.D. La. 1998). More specifically, the FLSA mandates that:

> No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter . . . .

29 U.S.C. § 218(a).

Thus, when a state law provides for a higher minimum wage than that set forth in the FLSA, the state provision controls. *Cf. Freeman v. City of Mobile, Ala.*, 146 F.3d 1292, 1298 (11th Cir. 1998) ("[T]he FLSA does not preempt state law contract provisions that are more generous than the FLSA demands[.]").

By failing to answer the complaint, Belly admits that it was Fernandez's "employer" for the period covering March 18, 2005 to May 31, 2005. It admits that it failed to pay Fernandez the minimum wage required by Florida law for work performed on or after May 2, 2005. This is sufficient

to establish that Belly is liable to pay Fernandez the minimum wage provided for under Florida law for work performed on or after the effective date of the Florida constitutional provision setting the minimum wage at $6.15 per hour.

### 3. FLSA Overtime Compensation Claim.

To prevail on a claim for payment of overtime under the FLSA, Fernandez must establish the following:

First, that she was employed by Belly during the time period involved;

Second, that she was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that Belly failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By failing to answer the complaint, Belly admits that it employed Fernandez during the relevant time period. It admits that Fernandez was engaged in commerce. It admits that it failed to pay overtime as required by the FLSA. This is sufficient to establish that Belly is liable to pay Fernandez overtime wages she is owed for her work.

### 4. Individual Liability.

With respect to Henderson, "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st

Cir. 1983)). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

By failing to answer the complaint, Henderson admits that he was an owner or officer of Belly, and that he was substantially in control of the terms and conditions of Fernandez's work. This is sufficient to establish that Henderson is also liable to pay Fernandez unpaid minimum and overtime wages owed for her work.

B. *Damages*.

1. Minimum Wages under the FLSA.

Under the FLSA, Fernandez is entitled to be compensated for the difference between the wages she received and $5.15 per hour of work she performed. 29 U.S.C. § 206(a)(1). Fernandez avers that from March 18, 2005, to May 31, 2005, she worked "40 hours per week or 8 hours per day" (excluding overtime) and did not receive any compensation. Doc. No. 15-2 (Affidavit of Angela Fernandez). Thus, Fernandez is owed $5.15 per hour for 248 hours[1] worked from March 18, 2005 to May 1, 2005,[2] which totals $1,277.20 in unpaid minimum wages under the FLSA.[3]

---

[1] March 21, 2005, through May 1, 2005, which falls on a Sunday, consist of six work weeks. Pursuant to Fernandez's affidavit, she worked 240 hours over this period, at the rate of 40 hours per week. Fernandez also avers that she worked on Friday, March 18, 2005. Although counsel argues that Fernandez worked fourteen hours on March 18, 2005, Fernandez avers that she worked 8 hours per day. There being no evidence supporting the assertion that Fernandez worked fourteen hours on March 18, 2005, she is entitled to be paid for 8 hours of work on March 18, 2005, for a total of 248 hours worked between March 18, 2005, and May 1, 2005.

[2] Fernandez is entitled to the minimum wage provided for under Florida law for hours worked between May 2, 2005 and May 31, 2005.

[3] This figure is computed as follows: minimum wage ($5.15) multiplied by hours worked (248) totals $1,277.20.

### 2.     Minimum Wages under the Florida Constitution.

Pursuant to Florida law, Fernandez is entitled to be compensated for the difference between the wages she received and $6.15 per hour of work she performed. FLA. CONST, ART. 10, § 24(c). Fernandez is owed $6.15 per hour for 176 hours worked from May 2, 2005 to May 31, 2005,[4] which totals $1,082.40 in unpaid minimum wages under Florida law.[5]

### 3.     Overtime Compensation.

Under the FLSA, Fernandez is entitled to be paid 1 1/2 times her regular rate of pay for all hours in excess of forty worked in a work week. *See* 29 U.S.C. § 207(a)(1). Fernandez avers that she was compensated at a rate of $9.50 per hour. Doc. No. 15-2 (Affidavit of Angela Fernandez). Fernandez avers that "[f]or the week ending March 26, 2005," she worked 10.50 hours of overtime and did not receive any compensation from the defendants for these hours, and that "[f]or the week ending May 14, 2005," she worked 17 hours of overtime and did not receive any compensation from the defendants. *Id*. Thus, Fernandez is owed 1 1/2 her hourly rate of pay, which is $14.25 per hour, for 27.50 hours of overtime worked, which totals $391.88 in unpaid overtime compensation under the FLSA.

---

[4] May 2, 2005 through May 27, 2005, constitute 4 work weeks of 40 hours each, for a total of 160 hours. May 30, 2005 and May 31, 2005, constitute 2 additional work days of 8 hours each, for a total of 16 hours. Thus, the total hours worked are 176 hours.

[5] This figure is computed as follows: minimum wage ($6.15) multiplied by hours worked (176) totals $1,082.40.

        4.     Liquidated Damages.

By failing to answer the complaint, Belly and Henderson admit that they acted willfully in failing to pay Fernandez the required minimum wage and overtime compensation. When, as here, the defendants have not presented a defense that the failure to pay minimum wages or overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]" 29 U.S.C. § 216(b); *see also* 29 U.S.C. § 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).[6] Accordingly, Belly and Henderson are liable, jointly and severally, to pay Fernandez the amount of unpaid minium wage and overtime compensation owed to her, $2,751.48,[7] as liquidated damages.

    C.     Attorneys' Fees and Costs.

The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly

---

[6] The Florida Constitution has a similar liquidated damages provision. *See* FLA. CONST, ART. 10, § 24(e).

[7] This figure is computed as follows: minimum wages owed under FLSA ($1,277.20) plus minimum wages owed under Florida law ($1,082.40) plus overtime compensation owed under the FLSA ($391.88), totals $2,751.48.

referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Fernandez seeks an award of $1,944.50 for the services provided by her attorneys, Charles L. Scalise and K.E. Pantas, and paralegal, Judy Cane, in connection with this case. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorneys' fees. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

1.    *Hourly Rate*.

Pantas has been licensed in Florida since 1993. He has practiced extensively in the area of employment law since 2000 and has over eleven years of litigation experience. Doc. No. 15-3 (Affidavit of Charles Scalise). He seeks an hourly rate of $250.00. I find that his hourly rate is reasonable, in the absence of objection, in light of his experience and the work he performed in this matter.

Scalise has been licensed in Florida since 1988. He specializes in employment law. *Id*. He seeks an hourly rate of $250.00. I find that his hourly rate is reasonable, in the absence of objection, in light of his experience and the work he performed in this matter.

Judy Cane has trained and worked as a paralegal since 1999. She has extensive experience in both state and federal court litigation, including drafting complaints, discovery, motions, and affidavits. *Id*. She seeks an hourly rate of $95.00. I find that her hourly rate is reasonable, in the absence of objection, in light of her experience and the work she performed in this matter.

2.    *Reasonable Number of Hours*.

Fernandez submitted a detailed time statement indicating the work performed by Scalise, Pantas, and Cane in this case. I find, in the absence of objection, that these hours are appropriate.

The lodestar attorneys' fees in this case are as follows:

| Attorney | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| K.E. Pantas | $250.00 | 1.0 | $250.00 |
| Charles L. Scalise | $250.00 | 5.6 | $1,400.00 |
| Judy Cane | $95.00 | 3.1 | $294.50 |
| Total Award: | | 9.7 | $1,944.50 |

     3.    *Costs*.

Fernandez seeks an award of costs in the amount of $425.00 for reimbursement for the filing fee ($250.00) and for the costs of serving process in this case ($175.00). Doc. No. 15-3 (Affidavit of Charles Scalise). "Costs for service of process and the filing fee are . . . properly awarded under 28 U.S.C. § 1920 . . . ." *Perrin v. John B. Webb & Assocs.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005). I find, in the absence of objection, that Fernandez is entitled to an award of costs from Belly and Henderson, jointly and severally, in the amount requested.

## V.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Plaintiff's Amended Motion for Entry of Default Judgment as to both defendants (Doc. No. 15) be **GRANTED** in part. I further recommend that the Court enter a default judgment against Belly and Henderson on Fernandez's claims for violation of the minimum wage and overtime provisions of the FLSA, the minimum wage provision of the Florida Constitution, and liquidated damages and order Belly and Henderson to pay Fernandez damages, jointly and severally, in the amount of $5,502.96; attorney's fees in the amount of $1,944.50; and costs in the amount of $425.00. I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

    Recommended in Orlando, Florida on May 4, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
District Courtroom Deputy